UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY L. WILSON, | Case No. 3:12-cv-337 |
| Plaintiff, | Judge Timothy S. Black |
| | Magistrate Judge Michael J. Newman |
| vs. | |
| PHIL PLUMMER, *et al.*, | |
| Defendants. | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS**

This civil action is before the Court for consideration of Plaintiff's Objections to the Magistrate Judge's Order denying Plaintiff's motion for appointment of counsel. (Doc. 34).

The Order at issue involves a non-dispositive matter. Therefore, the Court applies the "clearly erroneous" or "contrary to law" standard of review set forth in Federal Rule of Civil Procedure 72(a). A Magistrate Judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a Magistrate Judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

The Court has reviewed the Magistrate Judge's Order and concludes that it is neither clearly erroneous nor contrary to law. The United States Court of Appeals for the

Sixth Circuit has held that there is no right to counsel in prisoner civil rights cases. *Bennett v. Smith*, 110 Fed. App'x 633, 635 (6th Cir. 2004). "The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Id.* Therefore, exercise of the Court's statutory authority to appoint counsel under 28 U.S.C. §1915(e) is limited to extraordinary situations.

Here, Plaintiff contends that extraordinary circumstances exist because he would not be able to fully investigate, retain evidence, receive discovery, and cross-examine experts without the assistance of counsel. Not only can a pro se litigant perform each of these tasks, these are tasks that all pro se litigants are expected to perform. If courts were to classify these tasks as "extraordinary circumstances" it would necessitate the appointment of counsel in every pro se prison litigation. This situation does not warrant the extraordinary procedure of appointing counsel prior to dispositive motions.

Accordingly, Plaintiff's objections are **OVERRULED**. The Magistrate Judge's Order is **ADOPTED AND AFFIRMED**. Plaintiff's motion for appointment of counsel is **DENIED**. (Doc. 32).

**IT IS SO ORDERED.**

Date: 6/10/13

Timothy S. Black
United States District Judge