UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY L. WILSON,

    Plaintiff,                                  Case No. 3:12-cv-337

vs.

PHIL PLUMMER, *et al.*,            District Judge Timothy S. Black
                                                              Magistrate Judge Michael J. Newman

    Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 67) BE GRANTED ON THE MERITS AND THIS CASE BE TERMINATED ON THE COURT'S DOCKET; OR, ALTERNATIVELY (2) THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TERMINATED ON THE COURT'S DOCKET**

\*\*\*

**ORDER AND ENTRY VACATING THE COURT'S SECOND ORDER TO SHOW CAUSE DIRECTED TO PLAINTIFF (DOC. 72)**

---

This 42 U.S.C. § 1983 civil rights case is before the Court on Defendants' motion for summary judgment. Doc. 67. *Pro se* Plaintiff Anthony L. Wilson ("Wilson") did not file a memorandum in opposition to Defendants' motion, and the time for doing so has expired. As a result, Wilson has failed to come forward with any affidavits, deposition testimony, or other Rule 56 evidence in response to Defendants' properly supported summary judgment motion. The Court has carefully considered all of the documents before it, and Defendants' unopposed motion for summary judgment is now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In addition to Defendants' motion for summary judgment, this case is also before the Court on two Orders directing Wilson to show cause: (1) as to why summary judgment should not be granted for the reasons set forth in Defendants' motion for summary judgment ("First Order to Show Cause"); and (2) for allegedly making false statements in support of a request for extension of time ("Second Order to Show Cause"). Docs. 69, 72. Wilson did not respond to the First Order to Show Cause, but did respond to the Second Order to Show Cause with evidence supporting the contentions made in support of a requested extension. Doc. 73. Accordingly, the Court **VACATES** the Second Order to Show Cause (doc. 72). The First Order to Show Cause (doc. 69), however, remains pending and ripe for Court action.

**I.**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent*

2

*Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id.* (citation omitted). In fact, Rule 56 states that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the material cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c). Where "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## II.

Pursuant to Judge Black's Standing Order Governing Civil Motions for Summary Judgment ("Standing Order"), Defendants submitted proposed undisputed facts supported by citations to dockets and court filings in the case of *State of Ohio v. Wilson*, No. 2007 CR 2134/2, (Montgomery Ct. C.P. June 25, 2007), and subsequent state appellate proceedings from that case. *See* doc. 67-1. Such supporting evidence is appropriately considered by the Court when determining a motion for summary judgment, as the Court may take judicial notice of public records such as the docket and filings in other court cases. *See J.P. Silverton Indus. L.P. v. Sohm*, 243 F. App'x 82, 85-87 (6th Cir. 2007); *cf. Valerio v. Dahlberg*, 716 F. Supp. 1031, 1035 (S.D. Ohio 1988).

Because Wilson has not opposed Defendants' motion for summary judgment, thus failing to cite any evidence contradicting the facts asserted by Defendants "the [C]ourt may . . . consider the facts undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).[2] Accordingly, in light

---

[2] Further, Judge Black's Standing Order states that all material facts set forth in a moving party's statement of proposed undisputed facts "will be deemed admitted unless controverted by" the non-moving party. *See* Standing Order, at 1.

3

of Wilson's failure to present and/or cite any Rule 56 evidence in opposing Defendants' motion for summary judgment, for purposes of deciding this motion, the Court accepts, as true, the facts presented by Defendants in their statement of proposed undisputed facts (doc. 67-1 at PageID 492-93).  *See id*; *see also Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co., Inc.*, 479 F. App'x 684, 692 (6th Cir. 2012).

      A.      **Montgomery County Common Pleas Proceedings**

In 2007, Wilson was convicted of complicity to commit felonious assault in the Montgomery County Court of Common Pleas.  *See* Termination Entry, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Dec. 17, 2007); *see also* doc. 67-3 at PageID 503-04.  The facts underlying Wilson's claims in this case begin with his filing of a *pro se* motion for leave to file a delayed motion for new trial in the Montgomery County Court of Common Pleas on March 30, 2010.  *See* Motion for Leave, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Mar. 30, 2010); *see also* doc. 67-4 at PageID 505-26.

While Wilson filed that motion for leave *pro se*, he was subsequently represented by counsel in litigating its merits.  *See, e.g.*, Motion for Continuance, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. July 12, 2010); *Pro se* Motion for Removal of Present Counsel, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. July 14, 2010); Order of Appointment, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Aug. 2, 2010).  In fact, the Court subsequently struck most of Wilson's *pro se* filings from the record on the basis that he was represented by counsel.  *See e.g.*, Decision, Order and Entry, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Aug. 23, 2010); Decision, Order and Entry, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Aug. 24, 2010); Decision, Order and Entry, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P.

Aug. 27, 2010); Decision, Order and Entry, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Sept. 17, 2010).

At the time Wilson filed his motion for leave, he was imprisoned at the London Correctional Institution in London, Ohio, but intermittently transported to the Montgomery County Jail so that he could appear in court for hearings on his motion. *See* doc. 67-1 at PageID 492. Without dispute, Wilson was housed in the Montgomery County Jail from June 10 through June 24, 2010; July 19 through July 22, 2010; July 27 through September 16, 2010; and October 13 through November 3, 2010. *Id*.

On October 15, 2010, the Common Pleas Court held a hearing on Wilson's motion. *See* Decision, Order and Entry, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Jan. 27, 2011). After that hearing, Wilson's attorney moved to withdraw from representation, which the Common Pleas Court ultimately denied on November 8, 2010. *See* Decision, Order and Entry, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Nov. 8, 2010). However, the Court did, at that time, afford Wilson the "opportunity to file on his own behalf any written closing argument on or before November 24, 2010." *Id*. Wilson failed to file a written closing argument, and the Court denied his motion for leave. *See* Decision, Order and Entry, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Jan. 27, 2011).

B.     **Appellate Proceedings**

In addition to pursuing leave to file a delayed motion for a new trial in the Common Pleas Court, Wilson also appealed an Order of the Common Pleas Court denying his request for records from the Common Pleas Court filed on January 2, 2009, pursuant to Ohio Rev. Code §

149.43(B).[3] *See State of Ohio v. Wilson*, No. 23313, 2010 WL 2891529, at *1 (Ohio Ct. App. July 23, 2010). On July 23, 2010, the Ohio Second District Court of Appeals issued a final entry affirming the Court of Common Pleas's Order issued against Wilson because, "[o]ther than a generalized statement regarding the need for the documents to 'establish a defense,' Wilson . . . provided nothing that would support his request[,]" *i.e.*, he "failed to demonstrate that the records are necessary to support a justiciable claim." *Id.* at *2.

Wilson failed to timely file a notice of appeal and memorandum in support of jurisdiction with the Supreme Court of Ohio, *i.e.*, on or before September 6, 2010. *See* Ohio S. Ct. Prac. R. 7.01, 7.02. Wilson did, however, file a motion for delayed appeal, which the Supreme Court denied. *See State v. Wilson*, 937 N.E.2d 1034 (Ohio 2010). The Supreme Court also denied Wilson's request for reconsideration of his motion for delayed appeal. *See State v. Wilson*, 938 N.E.2d 1041 (Ohio 2010).

C.     **The Present Proceedings in this Court**

In his second amended complaint in this case, Wilson limits his claims to the alleged denial of his right of access to the courts[4] -- an established constitutional right, *see Bounds v. Smith,* 430 U.S. 817, 828 (1977). Doc. 43 at PageID 367-72. Construing Wilson's allegations

---

[3] As noted by the Ohio Court of Appeals, to obtain records pursuant to Ohio Rev. Code § 149.43(B)(8), Wilson was required "to demonstrate that the information sought is 'subject to release as a public record' under R.C. 149.43 and that 'the judge who imposed the sentence' has determined that 'the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.'" *Wilson*, 2010 WL 2891529, at *1-2.

[4] In addition to his First Amendment access to the courts claims, Wilson previously pled claims concerning cruel and unusual punishment in violation of the Eighth Amendment and retaliation for his exercise of his First Amendment rights. *See* doc. 25 at PageID 205, 207-08, 213-15. Wilson, however, failed to allege these claims in his second amended complaint and, therefore, the Court deems them abandoned. *See Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) (finding that claims asserted in an earlier complaint, but not reasserted in a subsequent complaint, were not before the Court because the subsequent complaint superseded "all prior complaints").

liberally in his favor -- which the Court is required to do[5] -- the Court finds that he has alleged three instances where the named Defendants denied him access to the courts, *i.e.*, by inhibiting his ability to: (1) prosecute his motion for leave to file a delayed motion for a new trial in the Montgomery County Common Pleas Court; (2) file a *pro se* memorandum in support of jurisdiction in the Supreme Court of Ohio; and (3) file an action challenging the conditions of his confinement in the Montgomery County Jail. *Id*. at PageID 367-72.

### III.

The undersigned first addresses the merits of Wilson's claims. To prevail on a First Amendment access to the courts claim, Wilson must show "(1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) substantial prejudice to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which [he] would have sought on the underlying claim and is now otherwise unattainable." *Hunt v. City of Cleveland*, 563 F. App'x 404, 410 (6th Cir. 2014) (citing *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013)). In other words, Wilson must "plead and prove prejudice stemming from the asserted violation[,]" *i.e.*, "demonstrate actual injury . . . by showing that his underlying claim was non-frivolous." *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (internal and external citations omitted).

### A. Motion for Leave to File a Delayed Motion for a New Trial

Insofar as Wilson contends that he was denied access to the courts in pursuing his motion for leave, the Court finds, as it did previously (doc. 36, PageID 331), that such

---

[5] While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

claim has no merit as a matter of law because he was represented by counsel on that motion throughout the time he was housed at the Montgomery County Jail. *See* docs. 10-1, 29-9 at PageID 278-79; *see also Holt v. Pitts*, 702 F.2d 639, 640-41 (6th Cir. 1983) (holding that an inmate's constitutional right of access to the courts was not violated when he was represented by appointed counsel).

Although Judge Black declined to adopt the undersigned's finding when ultimately ruling on Defendants' motion to dismiss (doc. 41 at PageID 361-62) (finding that Wilson, "in his objections [to the undersigned's Report and Recommendations], for the first time . . . maintain[ed] that although he had counsel of record throughout his state court case, he effectively proceeded *pro se* for a portion of that litigation") (emphasis in original), the undisputed facts now demonstrate that Wilson was only permitted to proceed on his own behalf after November 8, 2010. *See* Decision, Order and Entry, *State of Ohio v. Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P. Nov. 8, 2010). Wilson, however, was last housed at the Montgomery County Jail on November 3, 2010. *See* doc. 67-1 at PageID 492.

Accordingly, because Wilson was represented by counsel on his motion for leave to file a delayed motion for new trial throughout the time he was housed in the Montgomery County Jail, his access to the courts claim in this regard has no merit.

    **B.**    **Notice of Appeal and Memorandum in Support of Jurisdiction in the Supreme Court of Ohio**

Wilson was, however, housed predominately in the Montgomery County Jail throughout the time he was required to file a notice of appeal and memorandum in support of jurisdiction in the Supreme Court of Ohio following disposition of his appeal by the Second District Court of Appeals in *Wilson*, 2010 WL 2891529, at *1-2. In response to Defendants' properly supported summary judgment motion, however, Wilson has failed to

demonstrate, or even present an argument, that his appeal to the Supreme Court of Ohio was non-frivolous. *See Morris v. Henson*, No. 2:11-cv-138, 2012 WL 4069568, at *2-3 (W.D. Mich. Sept. 17, 2012) (granting summary judgment in favor of defendants "[g]iven Plaintiff's failure to describe a non-frivolous claim in his underlying cause of action"). Accordingly, having failed to present any argument in an effort to demonstrate a non-frivolous underlying action, summary judgment is proper in favor of Defendants on this claim.[6]

### C. Proceedings Challenging the Conditions of Confinement

Finally, Wilson contends in his pleadings that, while housed in the Montgomery County Jail between June 10, 2010 and November 3, 2010, Defendants denied him access to the courts while he sought to challenge the conditions of his confinement. Wilson presents no evidence in this regard demonstrating any of the actions allegedly undertaken by Defendants to impede or interfere with his court access. Defendants argue that his access to the courts was not impeded whatsoever. Doc. 67 at PageID 487.

In fact, in moving for summary judgment, Defendants point to the docket in the Montgomery County Court of Common Pleas, Case No. 2007 CR 2134/2, which shows at least nine substantive motions filed by Wilson from the Montgomery County Jail between August 10, 2010 and September 9, 2010. *See* doc. 67-2 at PageID 494-501. The undersigned's review of those filings reveals not only significant substantive argument by Wilson, but numerous citations to legal authority. *See* Defendant's Motions, *State of Ohio v. Wilson*, No. 2007 CR 2134/2

---

[6] The Court's independent review of the underlying filings supports the conclusion that Wilson's proposed appeal to the Supreme Court of Ohio was frivolous. The Common Pleas Court rejected Wilson's request for public records because he "failed . . . to advise the court of the nature of the justiciable claim that he intend[ed] to make." Decision, Order and Entry, *State v. Wilson*, No. 2007 CR 2134/2, (Montgomery Ct. C.P. Feb. 19, 2009). The Second District Court of Appeals affirmed that Order because, even on appeal, Wilson failed to set forth more "than a generalized statement regarding the need for the documents [requested in order] to 'establish a defense[.]'" *Wilson*, 2010 WL 2891529, at *2. Accordingly, the Court finds summary judgment is proper in favor of Defendants in this regard.

(Montgomery Ct. C.P. Aug. 10, 2010; Aug. 16, 2010; Aug. 25, 2010; Sept. 9, 2010).[7] Accordingly, Defendants have presented evidence that Wilson was not denied access to the courts during his confinement at the Montgomery County Jail; evidence Wilson does not contradict by presenting any evidence in opposition. Accordingly, absent any dispute in material fact, Defendants' motion must be granted in this regard.

## IV.

In the alternative to all of the foregoing, the undersigned also finds that Wilson -- by failing to oppose Defendants' motion for summary judgment and failing to respond to the Court's First Order to Show Cause (doc. 69) -- has failed to prosecute this action. Wilson's failure to respond to Defendants' motion for summary judgment and/or the Court's First Order to Show Cause justifies dismissal of this action for his lack of prosecution.[8] *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991). Although Wilson is proceeding *pro se* in this case, the Court is mindful that "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Accordingly, the undersigned finds that dismissal is warranted as a result of Wilson's failure to prosecute.

---

[7] Wilson filed two motions on August 10, 2010; two motions on August 16, 2010; four motions on August 25, 2010; and one motion on September 9, 2010. *See* doc. 67-2 at PageID 494-501. Each motion is handwritten, consists of at least two pages, and contains citations to legal authority. *Wilson*, No. 2007 CR 2134/2 (Montgomery Ct. C.P., Aug. 10, 2010; Aug. 16, 2010; Aug. 25, 2010; Sept. 9, 2010). In the signature line of many of these motions, Wilson states that his address is 330 West Second Street, Dayton, Ohio 45422, *i.e.*, the address of the Montgomery County Jail. *Id.*

[8] The undersigned also notes that the Court directed Wilson to file a third amended complaint. Doc. 52. Wilson requested, and was granted, three separate extensions of time to file the third amended complaint. *See* docs. 61-65. Wilson never filed the third amended complaint as Ordered and, therefore, the Court Ordered that this case proceed on the second amended complaint. *See* doc. 65.

**V.**

Based on all of the foregoing, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment (doc. 67) be **GRANTED** on the merits and that this case be **TERMINATED** on the Court's docket. Alternatively, the undersigned **RECOMMENDS** that this case be **DISMISSED** for Plaintiff's failure to prosecute and **TERMINATED** on the Court's docket. The Clerk is **ORDERED** to mail a copy of this Report and Recommendation to *pro se* Plaintiff at his present address of record.

In addition to the foregoing, the undersigned **ORDERS** that the Second Order to Show Cause (doc. 72) is **VACATED**.

Date:   May 6, 2015                           *s/ Michael J. Newman*
                                              Michael J. Newman
                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).